# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BLOC DISPENSARY LLC,<br>a New Jersey limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY BOSSIDY, an individual,<br><br>Defendant. | Civil Action No. 3:25-cv-01725-ZNQ-JBD<br><br>Honorable Zahid N. Quraishi<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Motion Day: July 7, 2025 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TIMOTHY BOSSIDY'S MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)

WEIL, GOTSHAL & MANGES LLP
17 Hulfish Street, Suite 201
Princeton, New Jersey 08542
(609) 986-1120

-and-

767 Fifth Avenue
New York, New York 10003
(212) 310-8000

Dated: June 13, 2025

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................1

BACKGROUND ....................................................................................2

LEGAL STANDARD..............................................................................4

ARGUMENT .........................................................................................5

    I.     The Engagement Letter Contains a Valid Forum Selection Clause ......................................................................................6

    II.    This Dispute Arises out of the Engagement Letter ...............8

    III.   Public Interest Factors Do Not Override the Parties' Choice of Venue................................................................................11

CONCLUSION ....................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Above & Beyond – Bus. Tools & Servs. for Entrepreneurs, Inc. v. Cornelius*,
2022 WL 4596726 (D.N.J. Sept. 30, 2022) .................................................*passim*

*Affiliated Mortg. Prot., LLC v. Tareen*,
2007 WL 203947 (D.N.J. Jan. 24, 2007)...........................................................10

*Arentowicz v. Cap Gemini Ernst & Young U.S. LLC*,
2004 WL 1834600 (D.N.J. July 16, 2004) ..........................................................7

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*,
571 U.S. 49 (2013).........................................................................................*passim*

*Cadapult Graphic Sys., Inc. v. Tektronix, Inc.*,
98 F. Supp. 2d 560 (D.N.J. 2000) .......................................................................6

*Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*,
779 F.3d 214 (3d Cir. 2015) ............................................................................8, 9

*Decoration Design Solutions, Inc. v. Amcor Rigid Plastic USA, Inc.*,
2020 WL 6482696 (D.N.J. Nov. 4, 2020) ...........................................................8

*Drucker's, Inc. v. Pioneer Elecs. (USA), Inc.*,
1993 WL 431162 (D.N.J. Oct. 20, 1993) ........................................................9, 10

*Finsa Portafolios, S.A. de C.V. v. OpenGate Cap., LLC*,
2017 WL 6882888 (C.D. Cal. Sept. 26, 2017), *aff'd*, 769 F. App'x
429 (9th Cir. 2019)...............................................................................................9

*In re: Howmedica Osteonics Corp.*,
867 F.3d 390 (3d Cir. 2017) ...........................................................1, 12, 13, 14

*ITS Nat'l, LLC v. Infinity Cargo Corp.*,
2023 WL 4558855 (D.N.J. July 17, 2023) ...........................................12, 15, 16

*Janosko v. United of Omaha Life Ins. Co.*,
2016 WL 4009818 (D.N.J. Jul. 25, 2016) ..........................................................14

*JH Portfolio Debt Equities, LLC v. Garnet Cap. Advisors, LLC*,
  2018 WL 6112695 (C.D. Cal. Mar. 16, 2018) ...................................................... 9

*Jumara v. State Farm Ins. Co.*,
  55 F.3d 873 (3d Cir. 1995) ............................................................................ 5, 14

*Mancuso v. L'Oreal USA, Inc.*,
  2021 WL 365228 (D.N.J. Feb. 1, 2021) ...................................................... 11, 12

*Manetti-Farrow, Inc. v. Gucci Am., Inc.*,
  858 F.2d 509 (9th Cir. 1988) ............................................................................. 9

*Matthew Transp., LLC v. Challenger Logistics Int'l Inc.*,
  2024 WL 1907254 (D.N.J. Apr. 4, 2024) .......................................................... 15

*Meridian Consulting I Corp., Inc. v. Eurotec Can. Ltd.*,
  2021 WL 689132 (D.N.J. Feb. 22, 2021) ............................................................ 7

*Nedlloyd Lines B.V. v. Superior Ct.*,
  834 P.2d 1148 (Cal. 1992) ............................................................................... 15

*Peck v. Jayco, Inc.*,
  665 F. Supp. 3d 607 (D.N.J. Mar. 30, 2023) .................................................... 15

*PNY Techs., Inc. v. Miller, Kaplan, Arase & Co., LLP*,
  2015 WL 1399199 (D.N.J. Mar. 24, 2015) .................................................... 8, 10

*Radiology Ctr. at Harding, Inc. v. Hitachi Healthcare Ams.*,
  2024 WL 139486 (D.N.J. Jan. 12, 2024) ......................................................... 5, 12

*Shore Slurry Seal, Inc. v. CMI Corp.*,
  964 F. Supp. 152 (D.N.J. 1997) ......................................................................... 7

*Stone v. Allied Indus. Supply, LLC*,
  2023 WL 2808164 (D.N.J. Apr. 6, 2023) .......................................................... 14

*W. Boxed Meats Distribs., Inc. v. Parker*,
  2017 WL 3034517 (W.D. Wash. July 18, 2017) ................................................. 9

*Woodell v. Coach*,
  2022 WL 17486262 (D.N.J. Dec. 7, 2022) ........................................................ 6, 7

**Statutes**

28 U.S.C. § 1404 ................................................................................................*passim*

Defendant Timothy Bossidy, by and through his undersigned counsel, respectfully submits this brief in support of his motion to transfer this action to the Central District of California, Western Division, pursuant to 28 U.S.C. § 1404(a).

## PRELIMINARY STATEMENT

This Court should transfer this case to the United States District Court for the Central District of California because that is the forum selected in a mandatory and binding forum selection clause. In the Third Circuit, "where contracting parties have specified the forum in which they will litigate disputes arising from their contract, federal courts *must honor* the forum-selection clause '[i]n all but the most unusual cases,' following the Supreme Court's instructions in *Atlantic Marine Construction Co. v. U.S. District Court*." *In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 397 (3d Cir. 2017) (emphasis added) (citation omitted). That straightforward rule requires transferring this action to the Central District of California under § 1404(a).

Plaintiff's claims in this action arise out of Mr. Bossidy's role as Chief Restructuring Officer ("CRO") of Plaintiff Justice Grown. As this Court is aware, Justice Grown signed an agreement with SierraConstellation Partners by which Mr. Bossidy was retained as CRO of Justice Grown (the "Engagement Letter," Ex. 1).[1]

---

[1] "Ex." refers to exhibits attached to the Declaration of Diane P. Sullivan, filed with this brief.

Decl.). The Engagement Letter contains a mandatory forum selection clause providing that "[a]ny action based upon or arising out of this Agreement shall be brought and maintained exclusively in any state or federal court, in each case in Los Angeles County, California." Ex. 1 ¶ 48.

This Court should enforce the plain terms of the forum selection clause and transfer this case to the Central District of California. Plaintiff's claims for breach of fiduciary duty and conversion arise out of Mr. Bossidy's appointment and services as CRO. The Engagement Letter contains a valid forum selection clause designating the Central District of California. And this is not the "'exceptional case[]'" where public interest factors might warrant overriding the forum selection clause. *Above & Beyond – Bus. Tools & Servs. for Entrepreneurs, Inc. v. Cornelius*, 2022 WL 4596726, at *3 (D.N.J. Sept. 30, 2022) (Quraishi, J.) (citation omitted).

## BACKGROUND

Plaintiff Justice Grown is a limited liability cannabis company organized under the laws of New Jersey. Compl. ¶ 17. Defendant Timothy Bossidy, who resides in Miami, Florida, was appointed as CRO of Justice Grown. *See id.* ¶¶ 2, 18. Mr. Bossidy assumed that role after Justice Grown defaulted on loans it took out from its lender, AFC Gamma, Inc. *Id.* ¶¶ 1–2. In exchange for granting Justice Grown forbearance on those defaults, AFC Gamma required Justice Grown to give "full control to manage [its New Jersey] operations" to consulting firm

SierraConstellation Partners LLC ("SierraConstellation"), where Mr. Bossidy is a Managing Director. *See id.* ¶ 52; Ex. 2 ("the Forbearance Agreement") § 5.7(a).

Justice Grown and AFC Gamma memorialized this arrangement in a Forbearance Agreement on March 6, 2024. *See* Ex. 2. Justice Grown then executed the Engagement Letter with SierraConstellation on April 1, 2024. And Mr. Bossidy, a managing director at SierraConstellation, became CRO of Justice Grown's New Jersey operations shortly thereafter. Mr. Bossidy signed the Engagement Letter himself in his capacity as a Managing Director of SierraConstellation, and the Engagement Letter provided for him, by name, to become Justice Grown's CRO— indeed, that was the "purpose[]" of the Letter. Ex. 1 at 1.

The Engagement Letter contains a forum selection clause mandating that:

> This Agreement shall be governed by and construed in accordance with the laws of the State of California (without giving effect to the choice of law principles thereof). Any action based upon or arising out of this Agreement **shall be brought and maintained exclusively in any state or federal court, in each case in Los Angeles County, California**. Each of the parties hereby expressly and irrevocably submits to the jurisdiction of such courts for the purposes of any such action and expressly and irrevocably waives, to the fullest extent permitted by law, any objection which it may have or hereafter may have to the laying of venue of any such action brought in any such court and any claim that any such action has been brought in an inconvenient forum.

Ex. 1 ¶ 48 (emphasis added).

On March 7, 2025, notwithstanding the contractual forum selection clause, Justice Grown sued Mr. Bossidy in this Court, alleging that he breached fiduciary

duties owed to Justice Grown in his capacity as CRO, Compl. ¶¶ 64–65, and that his alleged failure to turn over communications between himself and AFC Gamma "constitutes conversion of [Justice Grown's] corporate records" because these communications "are company property," *id.* ¶¶ 69–70. Because Justice Grown's claims thus arise out of Mr. Bossidy's role as CRO, Mr. Bossidy now moves to enforce the forum selection cause and transfer this case to the Central District of California under 28 U.S.C. § 1404(a).

## **LEGAL STANDARD**

Under 28 U.S.C. § 1404, "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Where "there is a valid forum selection clause, the traditional [§] 1404(a) analysis is inapplicable because the forum selection clause 'should be given controlling weight in all but the most exceptional cases.'" *Above & Beyond*, 2022 WL 4596726, at *3 (quoting *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 51 (2013)).

In other words, "the existence of a valid and enforceable forum selection clause means that the parties 'waive[d] the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation.'" *Above & Beyond*, 2022 WL 4596726, at *5 (alteration in original) (quoting *Atl. Marine*, 571 U.S. at 63). Instead, in granting a § 1404(a)

motion to transfer pursuant to a forum-selection clause, a court simply "must determine that: (1) the clause is valid; (2) it governs the dispute; and (3) public-interest factors do not override the parties' contractual choice of venue." *See Radiology Ctr. at Harding, Inc. v. Hitachi Healthcare Ams.*, 2024 WL 139486, at *2 (D.N.J. Jan. 12, 2024) (citation and internal quotation marks omitted); *see also Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879–80 (3d Cir. 1995). A district court applying these factors "should ordinarily transfer the case to the forum specified in [the forum selection] clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atl. Marine*, 571 U.S. at 62.

## ARGUMENT

The Court should transfer this case to the Central District of California. The Engagement Letter contains a valid forum selection clause. Plaintiff's claims all "arise out of" the Engagement Letter. Indeed, the claims would not exist but for Mr. Bossidy's engagement as CRO. By its terms, the letter selects "Los Angeles County, California," as the forum, and the Central District is in Los Angeles. And this is not an extraordinary case where public interest factors could warrant overriding the controlling weight afforded to the contractually agreed-upon forum.

## I.    <u>The Engagement Letter Contains a Valid Forum Selection Clause</u>

"In the Third Circuit, 'in accord with the dictates of the Supreme Court, forum selection clauses are presumptively valid'" unless an objecting party "makes a 'strong showing' that the clause is 'unreasonable.'" *Woodell v. Coach*, 2022 WL 17486262, at *2 (D.N.J. Dec. 7, 2022) (citing *Cadapult Graphic Sys., Inc. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 564 (D.N.J. 2000)). "Such clauses are deemed unreasonable only if the party objecting to its enforcement establishes (1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." *Woodell*, 2022 WL 17486262, at *2 (internal quotation marks and citation omitted).

None of these factors are present here. The Engagement Letter contains a valid, mandatory forum-selection clause, which provides, in relevant part, that:

> This Agreement shall be governed by and construed in accordance with the laws of the State of California (without giving effect to the choice of law principles thereof). **Any action based upon or arising out of this Agreement *shall* be brought and maintained *exclusively* in any state or federal court, in each case in Los Angeles County, California**.

Ex. 1 ¶ 48 (emphases added).[2] There are no allegations that this forum selection clause "is the result of fraud or overreaching." *Woodell*, 2022 WL 17486262, at *2. Nor could there be, since the forum selection clause was negotiated between sophisticated parties. *See, e.g.*, *Arentowicz v. Cap Gemini Ernst & Young U.S. LLC*, 2004 WL 1834600, at *4 (D.N.J. July 16, 2004); *Shore Slurry Seal, Inc. v. CMI Corp.*, 964 F. Supp. 152, 156–57 (D.N.J. 1997). Moreover, Mike Kanovitz, who signed the Engagement Letter on behalf of Justice Grown, is himself an attorney. *See id.* (finding no fraud or overreaching where plaintiff's counsel negotiated the forum selection clause they sought to avoid).

For similar reasons, enforcing the forum selection clause would not violate any strong public policy. "New Jersey public policy is seemingly not violated where the forum selection clause is the result of an arm's length negotiation." *Woodell*, 2022 WL 17486262, at *2. Nor would litigating this case in the Central District of California be "so inconvenient as to deprive [Plaintiff] of its day in court." *Id.* (citation and internal quotation marks omitted). Plaintiff is a well-resourced business

---

[2] Mandatory forum selection clauses generally provide "'that disputes *shall* be submitted to the jurisdiction of [particular] courts,' or contain terms such as '*exclusive*,' 'sole,' or 'only.'" *Id.* at 5 (alteration in original) (emphasis added) (quoting *Meridian Consulting I Corp., Inc. v. Eurotec Can. Ltd.*, 2021 WL 689132, at *11 (D.N.J. Feb. 22, 2021). The forum-selection clause here says both: the case "shall" be heard "exclusively" in Los Angeles. Ex. 1 ¶ 48.

with sophisticated legal counsel that routinely litigates in courts around the country, and of course, Plaintiff *agreed* to the Central District as the exclusive forum.

## II.    <u>This Dispute Arises out of the Engagement Letter</u>

Plaintiff's claims for breach of fiduciary duty and conversion arise out of the Engagement Letter because they arise out of the services Mr. Bossidy provided as CRO of Justice Grown. The Engagement Letter's forum selection clause applies to "[a]ny action based upon or arising out of this Agreement." Ex. 1 ¶ 48. In the context of a forum selection clause, "arising out of" means "originated from" or "growing out of." *Decoration Design Solutions, Inc. v. Amcor Rigid Plastic USA, Inc.*, 2020 WL 6482696, at *5 (D.N.J. Nov. 4, 2020).   In other words, it means "a causal connection," but not "proximate cause in the strict legal sense." *Id.* (citation and internal quotation marks omitted). Here, because Justice Grown "would not have any claims . . . but for" the engagement of Mr. Bossidy, it "is clear" that Plaintiff's claims are subject to the Engagement Letter's forum selection provision. *See Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 220 (3d Cir. 2015).

Mr. Bossidy also is fully entitled to enforce the forum selection clause even though he is not formally a party to the Engagement Letter. "The Third Circuit has held that a forum selection clause will still bind a third-party non-signatory if the signatory and non-signatory are so closely related that invoking the clause is foreseeable." *PNY Techs., Inc. v. Miller, Kaplan, Arase & Co., LLP*, 2015 WL

1399199, at *5 (D.N.J. Mar. 24, 2015).[3] Nonparty enforcement of a forum selection clause is "foreseeable" where nonparties are "directors . . . or senior executives" of a party to the agreement and are covered by the agreement's indemnification provisions. *Carlyle*, 779 F.3d at 219–20.

Mr. Bossidy is surely related closely enough to the Engagement Letter that invoking the clause is foreseeable. The Engagement Letter provided for Mr. Bossidy, by name, to serve as CRO, and Mr. Bossidy signed the Engagement Letter on behalf of SierraConstellation, where he was a Managing Director. Ex. 1 at 1–2. And, as the Complaint acknowledges, Mr. Bossidy "provide[d] his services" as CRO "through"

---

[3] The rule in the Ninth Circuit is the same. *See Drucker's, Inc. v. Pioneer Elecs. (USA), Inc.*, 1993 WL 431162, at *7 (D.N.J. Oct. 20, 1993) ("The Ninth and Third Circuits and the California courts have determined that a range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses.") (internal quotation marks and citation omitted). In the Ninth Circuit, "forum selection clauses apply to non-signatories if 'the alleged conduct of the non-parties is so closely related to the contractual relationship that the forum selection clause applies to all defendants.'" *Finsa Portafolios, S.A. de C.V. v. OpenGate Cap., LLC*, 2017 WL 6882888, at *7 (C.D. Cal. Sept. 26, 2017) (quoting *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988), *aff'd*, 769 F. App'x 429 (9th Cir. 2019)); *see also JH Portfolio Debt Equities, LLC v. Garnet Cap. Advisors, LLC*, 2018 WL 6112695, at *5 (C.D. Cal. Mar. 16, 2018) ("A non-signatory who is closely related to the signatory party may also be closely related to that party's contract containing a forum selection clause, and in that case they are bound by the clause—but they are bound by their relation to the contract, not by their relation to the party.") (quoting *W. Boxed Meats Distribs., Inc. v. Parker*, 2017 WL 3034517, at *6 (W.D. Wash. July 18, 2017)). Here, Mr. Bossidy is inextricably related to the Engagement Letter and can therefore enforce its forum selection clause.

SierraConstellation. Compl. ¶ 52; *see also Affiliated Mortg. Prot., LLC v. Tareen*, 2007 WL 203947, at *3–4 (D.N.J. Jan. 24, 2007) (finding "employees" of a contract party were "closely related to the contractual relationship," making them "bound by the forum selection clause in the contract" because the claims at issue "ar[o]se out of the contract from which the employees . . . derived benefit") (internal quotation marks and citation omitted).

The Engagement Letter also required Justice Grown "to indemnify the CRO . . . to the same extent as the most favorable indemnification it extends to its officers or directors." Ex. 1 ¶ 22. Moreover, the entire purpose of the Engagement Letter was to define what services *Mr. Bossidy* would provide. Engagement Letter at page 1; *see Drucker's, Inc.*, 1993 WL 431162, at *7–8 (rejecting attempt "to sidestep a valid forum selection clause simply by naming as a defendant a closely related party who did not sign the clause" when that party's "presence in this action is . . . derivative of the . . . Agreement and conduct occurring thereunder") (internal quotation marks and citation omitted); *cf. PNY Techs.*, 2015 WL 1399199, at *6 (finding no close relationship or foreseeability "if the contract neither mentions the non-signatory party nor sets forth any of the non-signatory party's obligations," which is the opposite of Mr. Bossidy's case). Mr. Bossidy is thus fully entitled to enforce the forum selection clause.

### III.  Public Interest Factors Do Not Override the Parties' Choice of Venue

When analyzing the merits of a §1404(a) motion in the context of a valid forum selection clause, the court must transfer the case "unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Atl. Marine*, 571 U.S. at 52. Accordingly, "[t]he court should not consider the private interest factors, and instead, consider arguments about the public-interest factors only." *See Above & Beyond*, 2022 WL 4596726, at *3 (citation omitted). In the Third Circuit, these public-interest factors are: "(1) enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) relative administrative difficulties in the two fora resulting from court congestion; (4) local interests in deciding local controversies at home; (5) public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases." *Mancuso v. L'Oreal USA, Inc.*, 2021 WL 365228, at *6 (D.N.J. Feb. 1, 2021). Because public interest factors "will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Atl. Marine*, 571 U.S. at 64. Here, no "extraordinary" or even "unusual" circumstances exist, and none of the factors favor overriding the forum selection clause. Accordingly, the clause should control. *Id.* 571 U.S. at 62, 64.

*First*, a judgment would be equally enforceable from either court: "a judgment from either district could easily be registered in another district."

*Radiology Ctr.*, 2024 WL 139486, at *4 (quoting *Mancuso*, 2021 WL 365228, at *6). That factor accordingly does not weigh against enforcement of the clause.

*Second*, practical considerations similarly do not weigh against enforcement. Any argument that the Central District of California would be inconvenient is a non-starter as any "inconvenience was foreseeable at the time [Plaintiff] entered into the [Engagement Letter] and does not, standing alone, render enforcement unreasonable." *Above & Beyond*, 2022 WL 4596726, at *5. In addition, because "this case is at an early stage, practical considerations do not warrant its retention in this district." *See ITS Nat'l, LLC v. Infinity Cargo Corp.*, 2023 WL 4558855, at *5 (D.N.J. July 17, 2023).

Nor does the presence of a separate action before this Court, *Hayden Gateway LLC, et al. v. Advanced Flower Capital Inc., et. al.*, No. 3:25-cv-02789 (D.N.J.), defeat transfer. Plaintiff maintains that the *Hayden Gateway* case involves similar legal or factual issues to this one. Before *Atlantic Marine*, that factor could weigh against transfer. *See In re: Howmedica Osteonics Corp.*, 867 F.3d at 402 (citation omitted). *Atlantic Marine*, however, directed courts to presumptively honor contractual forum selection clauses so as not to "disrupt the parties' settled expectations." *Atl. Marine Constr.*, 571 U.S. at 66. Since then, the Third Circuit has held that the risk of duplicative litigation "can be reduced or eliminated with

procedural mechanisms . . . such as common pre-trial procedures, video depositions, [and] stipulations." *Id.* at 409 (internal quotation marks and citations omitted).

Indeed, transfer is even more appropriate here than in *Howmedica*, where the Third Circuit granted mandamus to transfer the claims. The plaintiff there filed a single suit in New Jersey against five individual defendants and two corporate defendants for "breach of contract and related claims under state law." *Id.* at 398. All defendants moved to transfer the case to California under § 1404(a), but the individual defendants had signed onto agreements with forum-selection clauses designating New Jersey as the proper forum. The corporate defendants were not subject to forum-selection clauses. To satisfy *Atlantic Marine*'s "prescription that forum-selection clauses should be enforced '[i]n all but the most unusual cases,'" the Third Circuit granted severance and transfer to California of only the claims against the two corporate defendants who were not subject to forum-selection clauses and directed the district court to retain jurisdiction over the claims against the individual defendants who had signed such clauses. *Id.* at 411 (citation omitted).

Here, the *Hayden Gateway* case pending in front of this Court is a separate action that Plaintiff initiated against a separate entity that Mr. Bossidy was never an employee or contractor of, and it is based on multiple contractual claims arising from agreements unrelated to Mr. Bossidy's tenure as CRO. *See* Complaint, *Hayden Gateway LLC, et al v. Advanced Flower Cap. Inc., et al*, No. 3:25-cv-02789 (D.N.J.

Apr. 17, 2025). Moreover, an additional action between the principals of Justice Grown and AFC Gamma already exists outside of this Court in the Southern District of New York. *See Advanced Flower Cap. Inc., et al. v. Kanovitz, et al.*, No. 1:25-cv-02996 (S.D.N.Y.). And, like this case, *Hayden Gateway* is in its early stages, meaning that to the extent discovery proceeds and any coordination between the cases is warranted, it would be straightforward to implement the types of procedural mechanisms the Third Circuit identified in *Howmedica*. *See* 867 F.3d at 409.

*Third*, without evidence as to the "relative administrative difficulties in the two fora resulting from court congestion," this factor, too, favors transfer. *See Janosko v. United of Omaha Life Ins. Co.*, 2016 WL 4009818, at *4 (D.N.J. Jul. 25, 2016); *see also Above & Beyond*, 2022 WL 4596726, at *5 (noting that "all Federal Courts are burdened" in the context of analyzing the third factor).

*Fourth*, the "local interests" do not favor transfer because the Central District of California has an interest in deciding this case. Although Plaintiff has asserted claims in New Jersey, those claims arise out of the Engagement Letter, which provides that the "Agreement shall be governed by and construed in accordance with the laws of the State of California (without giving effect to the choice of law principles thereof)." Ex. 1 ¶ 48. At a minimum, "[b]oth forums have an indistinguishable interest in deciding" this case. *See Stone v. Allied Indus. Supply, LLC*, 2023 WL 2808164, at *5 (D.N.J. Apr. 6, 2023) (Quraishi, J.) (citing *Jumara*,

14

55 F.3d at 879). And of course, courts routinely enforce forum selection clauses even where the local interests do not favor the selected forum. *See, e.g.*, *Peck v. Jayco, Inc.*, 665 F. Supp. 3d 607, 615 (D.N.J. Mar. 30, 2023) (enforcing Indiana forum selection clause despite New Jersey's "interest in resolving a controversy between its residents" because "a valid forum-selection clause 'should be given controlling weight in all but the most exceptional cases'" (quoting *Atl. Marine*, 571 U.S. at 63)).

*Fifth*, transfer would not violate any public policies of the fora—including New Jersey's "entire controversy doctrine"—because "there have been no substantive decisions rendered in this matter [and] discovery has not yet commenced." *ITS Nat'l, LLC v. Infinity Cargo Corp.*, 2023 WL 4558855, at *3 (D.N.J. Jul. 17, 2023). In fact, granting transfer would *further* the public policies of both New Jersey and California because both fora have demonstrated a strong interest in enforcing contractually bargained-for forum selection clauses. *See Matthew Transp., LLC v. Challenger Logistics Int'l Inc.*, 2024 WL 1907254, *7 (D.N.J. Apr. 4, 2024) ("public policy weighs strongly in favor of enforcing the forum selection clause because of New Jersey['s] . . . public policy in favor of enforcing contractual provisions, including forum selection clauses.") (internal quotation marks and citation omitted); *Nedlloyd Lines B.V. v. Superior Ct.*, 834 P.2d 1148, 1150 (Cal. 1992) ("we have made clear that, [n]o satisfying reason of public policy has been suggested why enforcement should be denied a forum selection clause

appearing in a contract entered into freely and voluntarily by parties who have negotiated at arm's length.") (internal quotation marks and citation omitted).

*Sixth*, even if Plaintiff's claims required applying New Jersey law, "federal district courts are often called upon to interpret the laws of jurisdictions outside of the states they sit," and that does not warrant "disturbing the forum selection clause entered into freely and voluntarily by the parties." *ITS*, 2023 WL 4558855, at *5.

In short, this is not the "rare[]," "unusual," or "extraordinary" case where public interest factors defeat transfer notwithstanding a valid contractual forum selection clause. *Atl. Marine*, 571 U.S. at 64. Rather, it is the usual and ordinary case where a forum-selection clause should be enforced as written. Under binding Supreme Court and Third Circuit precedent, "'the interest of justice' is served by holding parties to their bargain" and enforcing the forum selection clause. *Id.* at 66.

## **CONCLUSION**

For the foregoing reasons, this Court should transfer this action to the Central District of California.

Dated: June 13, 2025

Respectfully submitted,

**WEIL, GOTSHAL & MANGES LLP**

/s/ *Diane P. Sullivan*

Diane P. Sullivan (Bar No. 025261987)
17 Hulfish Street, Suite 201
Princeton, New Jersey 08542
Tel. (609) 986-1120
Fax: (609) 986-1199
diane.sullivan@weil.com

-and-

Caroline H. Zalka (*pro hac vice* pending)
767 Fifth Avenue
New York, New York 10153
Tel. (212) 310-8000
Fax: (212) 310-8007
caroline.zalka@weil.com

*Counsel for Defendant Timothy Bossidy*