**Weil, Gotshal & Manges LLP**

VIA ECF

|  |  |
|---|---|
| Diane P. Sullivan | Caroline H. Zalka |
| 17 Hulfish Street, Suite 201 | 767 Fifth Avenue |
| Princeton, NJ 08542 | New York, NY 10153 |
| +1 609 986 1120 tel | +1 212 310 8527 tel |
| +1 609 986 1199 fax | +1 212 310 8007 fax |
| diane.sullivan@weil.com | caroline.zalka@weil.com |

June 30, 2025

The Honorable Zahid N. Quraishi
United States District Court, District of New Jersey
402 East State Street, Room 4W
Trenton, NJ 08608

Re: *Bloc Dispensary LLC v. Bossidy*, No. 3:25-cv-01725-ZNQ-JBD (D.N.J.)

Dear Judge Quraishi,

On behalf of Defendant Timothy Bossidy, we write to respectfully request that Defendant's Motion to Transfer (Dkt. No. 12) proceed as unopposed and be granted accordingly.

In accordance with this Court's May 20, 2025 order (Dkt. No. 11), Defendant filed a Motion to Transfer (Dkt. No. 12) with the Clerk on June 13, 2025, to be made returnable on July 7, 2025. Pursuant to Local Civil Rule 7.1(d)(2), Plaintiff's brief in opposition to the motion was required to be filed with the Clerk at least fourteen (14) days prior to the July 7 motion day, *i.e.*, by June 23, 2025. As of June 30, 2025, Plaintiff has not filed any opposition to the motion. Nor has Plaintiff requested an extension pursuant to Local Rule 7.1(d)(5), which requires the party seeking extension to notify the Court and Defendant of this request "before the date on which opposition papers would otherwise be due." L.Civ.R. 7.1(d)(5).

Courts in this District recognize motions as unopposed when the non-moving party has neither responded to the motion nor requested an extension of time to do so. *See, e.g.*, *Regal-Pinnacle Integrations Indus., Inc. v. Phila. Indem. Ins. Co.*, 2013 WL 1737236, at *2 (D.N.J. Apr. 22, 2013) ("Plaintiff has not responded to Defendant's Motion to Dismiss, nor has it requested an extension of time to do so. Accordingly, the Court treats Defendant's Motion as unopposed."); *Martinez v. Scerbo*, 2007 WL 2769594, at *1 (D.N.J. Sept. 20, 2007) ("[T]he Court has received no opposition from Plaintiff to Defendant's motion. Accordingly, the Court shall treat Defendant's motion as unopposed."). Courts have likewise granted Section 1404(a) motions to transfer on the basis that the plaintiff did not oppose the motion. *See, e.g.*, *Deshpande v. Taro Pharms. U.S.A., Inc.*, 2010 WL 1957869, at *6 (D.N.J. May 13, 2010) ("Because Plaintiff does not object, the Court will grant Defendant's Motion to Transfer.").

Given Plaintiff's failure to timely oppose Defendant's Motion to Transfer, and for the reasons set forth in the Motion, we respectfully request that the Motion proceed as unopposed and be granted accordingly.

The Honorable Zahid N. Quraishi
June 30, 2025
Page 2

Respectfully submitted,

*/s/ Diane P. Sullivan*
Diane P. Sullivan
Caroline H. Zalka (*pro hac vice* pending)